IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-00307-FL-1
NO. 5:11-CV-00582-FL

| | | |
|---|---|---|
| BRIAN JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (DE 65) and the government's motion to dismiss petitioner's § 2255 motion (DE 69). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") wherein it is recommended that the court grant respondent's motion to dismiss (DE 106). Petitioner timely filed objections to the M&R and the issues raised are ripe for ruling. For the reasons that follow, the court grants respondent's motion to dismiss.

**BACKGROUND**

On October 22, 2009, petitioner and a co-defendant were named in a five-count indictment. Count 1 charged petitioner with conspiracy to interfere with commerce by robbery and aiding and abetting from September 2008 to February 8, 2009, in violation of 18 U.S.C. § 1951 and 2. The offense conduct consisted of three robberies, including robbery of a Family Dollar store. Counts 2, 3, and 5 charged petitioner with interference with interstate commerce by robbery and aiding and abetting. Count 4 charged a co-defendant with an additional count of interference with interstate

commerce by robbery.

On February 4, 2010, petitioner pleaded guilty, pursuant to a written plea agreement, to Count 1. Counts 2, 3, and 5 were dismissed pursuant to the written plea agreement. On May 13, 2010, petitioner was sentenced to 198 months of imprisonment, which was within the Guideline range of 168 to 210 months. Petitioner appealed the conviction and sentence, and the Fourth Circuit affirmed. United States v. Johnson, 415 F. App'x 454 (4th Cir. 2011) (per curiam).

On October 21, 2011, petitioner filed the instant *pro se* motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner alleges the following grounds for relief: (1) his guilty plea was unknowing, unintelligent, and involuntary; (2) he is actually innocent of count two of the indictment; (3) he received ineffective assistance of counsel; and (4) an evidentiary hearing is required.

On December 6, 2011, respondent moved to dismiss petitioner's motion to vacate pursuant to Federal Rule of Civil Procedure 12(b)(6). On December 28, 2011, through counsel, petitioner opposed respondent's motion. On October 18, 2012, the magistrate judge entered the M&R recommending that the court grant respondent's motion to dismiss. On November 1, 2012, petitioner filed objections to the M&R, citing the first and third grounds for relief as objections.

**DISCUSSION**

A.   Standard of Review

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v.

2

Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

3

B. Analysis

Petitioner lodges two objections to the M&R. First, petitioner objects to the determination in the M&R that his guilty plea was knowing, intelligent, and voluntary. Second, petitioner objects to the determination in the M&R that his counsel provided effective assistance.

1. Voluntariness of Guilty Plea

Petitioner contends his plea was involuntary because he did not understand what relevant conduct could be considered in determining his sentence. (Pet'r's Objections to M&R 1). Specifically, petitioner alleges he did not know the three robberies in the dismissed counts of the indictment would be considered in calculating his recommended sentence under the Guidelines.

The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

The M&R provides a thorough discussion of petitioner's Rule 11 colloquy and its legal significance. (M&R 10-11). At arraignment and plea hearing, the presiding magistrate judge informed petitioner of the maximum possible term of imprisonment and the fact that the district court would consult the Guidelines in fashioning a sentence. The district court was not required to provide petitioner with an estimate of his sentence before accepting his guilty plea. See United States v. DeFusco, 949 F.2d 114, 118 (4th Cir. 1991). The plea agreement and the magistrate judge

4

indicated petitioner could be sentenced to a maximum possible term of imprisonment of twenty years for count 1.

Whether petitioner knew the relevant conduct that would be considered in determining his sentence is not relevant to the Rule 11 analysis. See United States v. Adams, Nos. 95-5237, 95-5269, 1996 U.S. App. LEXIS 14832, at *7-8 (4th Cir. June 19, 1996) (per curiam) (rejecting appellant's argument that his guilty plea was involuntary because he was not informed of the relevant conduct underlying the conspiracy charge that would be considered for sentencing purposes). Petitioner has not undercut the reliability of the Rule 11 proceeding by "challeng[ing] either the fairness of the *Rule 11* proceeding . . . or the fulfillment of a promise or condition emanating from the proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). "[I]f the information given by the court at the *Rule 11* hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the" Rule 11 hearing. Id. at 1395. The uncontroverted fact remains that petitioner knew the maximum possible term of imprisonment he faced, and he was sentenced within the Guideline range. Thus, petitioner has failed to state a claim for relief on the grounds of involuntary plea as a matter of law.[1]

2.  Ineffective Assistance of Counsel

Petitioner also fails to state a claim for ineffective assistance of counsel. A successful claim for ineffective assistance of counsel requires petitioner to show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and

---

[1] In addition, for the reasons stated in the M&R, petitioner has procedurally defaulted his claim and has not demonstrated cause or prejudice for the procedural default. In addition, as stated in the M&R, he has not demonstrated actual innocence.

5

(2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). Furthermore, there is a "strong presumption" when reviewing an attorney's performance that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Petitioner claims his counsel was ineffective for the following six reasons: (1) failing to inform him of the relevant conduct that would be considered in determining his sentence; (2) failing to call him to testify at the sentencing hearing, in violation of his constitutional right to testify on his own behalf; (3) failing to object to the government's breach of the plea agreement; (4) failing to object to the government's presentation of the evidence; (5) failing to advise him regarding probation's interview and debriefings; and (6) failing to object to jurisdiction of the court to enter judgment. Petitioner only objected to the magistrate judge's determination regarding the first two claimed grounds for ineffective assistance of counsel.

First, petitioner's claim that his counsel was ineffective because he failed to inform him of the relevant conduct that would be considered in sentencing fails. Petitioner has not pointed to any evidence in the record to suggest defense counsel erroneously advised him of his potential sentence. Even if defense counsel had misadvised petitioner, an attorney's inaccurate estimation of the applicable sentencing range does not constitute ineffective assistance, provided that petitioner was informed of the statutory maximum punishment and advised that any estimate of the sentence is not a promise. See Lambey, 974 F.3d at 1395-96. Here, the magistrate judge properly informed and advised petitioner regarding his sentence. Therefore, any potential defense counsel errors as to sentencing estimation does not constitute ineffective assistance.

6

Second, petitioner's claim that his counsel was ineffective because he did not call him to testify at the sentencing hearing fails. The M&R thoroughly discusses this issue. Specifically, in addressing this type of ineffective assistance of counsel claim, the court must distinguish between "certain decisions regarding the exercise or waiver of basic trial rights" that "belong[] exclusively to the defendant," and those "[d]ecisions that may be made without the defendant's consent [which] primarily involve trial strategy and tactics." United States v. Chapman, 593 F.3d 365, 368 (4th Cir. 2010) (quotations omitted). The decision to call a defendant to testify in support of a sentencing objection is a matter of trial strategy and tactics regarding which "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Moreover, even if petitioner had alleged that defense counsel prevented him from testifying at the sentencing hearing, "to prove ineffective assistance of counsel . . . [petitioner] must show both that his attorney violated his right to testify and that his testimony had a 'reasonable probability' of changing the outcome." United States v. Rashaad, 249 F. App'x 972, 973 (4th Cir. 2007) (quotation omitted). Here, petitioner does not allege that his counsel prevented him from testifying, merely that counsel failed to call him to testify. In addition, there is no evidence that petitioner's testimony had a reasonable probability of changing the outcome of the sentencing hearing. Petitioner's mere speculation that he would have convinced the court of his innocence or more lenient sentence had he taken the stand is insufficient to establish reasonable probability that the outcome of the proceeding would have been different. In sum, the court overrules petitioner's objections regarding his first two claims for ineffective assistance of counsel.

Third, the M&R correctly determined petitioner's claim for ineffective assistance of counsel

for failing to object to the government's breach of the plea agreement failed where plaintiff breached the agreement by denying involvement in the Family Dollar store robbery prior to sentencing. (Sentencing Hr'g Tr. 27:21-28:24). Upon careful review of the M&R and the record, the court adopts the recommendation of the M&R and dismisses this claim.

Fourth, the M&R also correctly determined petitioner's claim for ineffective assistance of counsel for failing to object to the government's presentation of evidence failed where petitioner could not demonstrate prejudice because the court already possessed detailed information about all three (3) robberies. Upon careful review of the M&R and the record, the court adopts the recommendation of the M&R and dismisses this claim.

Fifth, the M&R also correctly determined petitioner's claim for ineffective assistance of counsel for failing to advise petitioner regarding probation's interview and debriefings failed where petitioner denied, not simply in debriefings, but through the sentencing hearing, his involvement in the Family Dollar Store robbery. (Sentencing Hr'g Tr. 27:21-28:24). Upon careful review of the M&R and the record, the court adopts the recommendation of the M&R and dismisses this claim.

Finally, the M&R correctly determined petitioner's claim for ineffective assistance of counsel for failing to object to jurisdiction of the court to enter judgment failed where judgment was entered against petitioner only on count one of the indictment, not count four. Upon careful review of the M&R and the record, the court adopts the recommendation of the M&R and dismisses this claim. 3. Evidentiary Hearing

Finally, petitioner claims an evidentiary hearing is warranted. Pursuant to Rule 8 of the Habeas Rules, it is within the discretion of the district court to determine whether an evidentiary hearing is necessary after review of the record. The court finds that an evidentiary hearing is not

required under circumstances of this case. Accordingly, petitioner's request for an evidentiary hearing is denied.

C.   Certificate of Appealability

Rule 11 of the Habeas Rules provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the motion, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his § 2255 motion.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims have been dismissed solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

9

After reviewing the claims presented in petitioner's motion to vacate in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court overrules petitioner's objections. The court thus ADOPTS the recommendations contained in the M&R (DE 106). The court DENIES petitioner's motion (DE 65), and GRANTS respondent's motion (DE 69). A certificate of appealability is DENIED. The clerk is directed to close this case.

SO ORDERED, this the 9th day of October, 2013.

LOUISE W. FLANAGAN
United States District Judge