IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-307-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRIAN JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release (DE 127) pursuant to 18 U.S.C. § 3582(c)(1)(A). The motion was briefed fully and in this posture the issues raised are ripe for ruling.

**COURT'S DISCUSSION**

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

Here, defendant admits he failed to comply with the threshold requirement that he present his request for compassionate release to the warden and then wait 30 days before filing in in the district court. (Def's Mem. (DE 132) at 4). In addition, defendant has not established grounds

for waiving or excusing the threshold requirement. The government specifically raised this issue as a procedural bar to the motion, and it therefore did not waive or forfeit the defense. (Gov't Resp. (DE 134) at 21) see United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021). And even if the court retains authority to waive or excuse the threshold requirement in these circumstances, defendant provides only conclusory and unsupported grounds for doing so. (See Def's Mem. (DE 132) at 4). The court therefore declines to waive the requirement. Cf. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (discussing requirement that a defendant establish "extraordinary circumstances beyond his control or external to his own conduct" to justify equitable tolling of a statute of limitations).

In the alternative, the court denies the motion on the merits. Defendant's generalized risk of contracting COVID-19, in the absence of underlying health conditions that increase his risk of contracting severe disease, does not establish extraordinary and compelling reasons for compassionate release. See United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) ("The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19."). And the fact that defendant has served the majority of his sentence does not present extraordinary and compelling reasons for release. See United States v. McCoy, 981 F.3d 271, 288 (4th Cir. 2020) (noting that § 3582(c)(1)(A) sets "an exceptionally high standard for relief").

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 127) is

DENIED.

SO ORDERED, this the 18th day of July, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

3